OPINION OF THE COURT
Benjamin E. Lander, J.
This defendant has been charged with having violated section C26-105.1 of the Administrative Code of the City of New York in that he failed to maintain the premises known as 51-55 Wadsworth Terrace in the County of New York in a safe condition; specifically that certain steel stairs and steps were in a corroded and defective condition.
In response to the charge the defendant alleges that he was appointed a "Receiver of the rents, profits and increments” of the respective premises on July 23, 1974 and pursuant to that order of appointment he engaged a managing agent. That due to the precarious condition of the building, together with such agent, he caused an engineering and architectural inspection to be made which culminated in a report that the cost of such repairs, minimally necessary to make the building habitable, *231 would approximate $58,000 and that the total repairs would "probably” exceed $100,000.
That contemporaneously with the issuance of this report, the Housing and Development Administration commenced a civil action to compel this defendant, among others, "to remedy and correct the violations and conditions with respect to the premises in question”, in response to which he moved to vacate the premises because of the hazardous conditions and lack of "profits and increments” to make repairs. Such action is now "dormant” and since its commencement both the financial and physical condition of the premises has considerably worsened.
Moreover, he further alleges that, in an apparent burst of enthusiasm, an appropriate city official stated that
"You are directed to commence repairs * * * at once.
"In the absence of substantial work by your staff, the City of New York is prepared to let contracts to do the work necessary to permit the building to remain occupied.” (Emphasis supplied.)
but that his request to have such suggestion implemented met with a veritable "snowstorm of [criminal] summonses.” And, in addition, further complicating the situation, a tenants’ committee is now authorized to collect rents and the managing agent has withdrawn his services.
In summary, he suggests that this entire matter might more appropriately be brought to the attention of the Supreme Court where the jurisdictional question would not arise and the remedy might conceivably be more appropriate.
In response, the Corporation Counsel contends citing the pertinent sections of the Administrative Code, that the defendant was properly and duly served and that "If * * * financial liability is a defense in a criminal prosecution, it would become virtually impossible to maintain a civilized society.”
Section 643a-8.0 of the Administrative Code provides that "Every person who shall fail to comply with an order issued by the commissioner [as is not contested] * * * shall be guilty of a misdemeanor”. The maintenance requirements (Administrative Code, § C26-105.2) place responsibility "at all times” upon the owner and subdivision 44 of section 4 of the Multiple Dwelling Law provides that "[t]he term 'owner’ shall [also] include * * * a * * * receiver”.
As a consequence, therefore, it is beyond question that this *232 defendant, as a result of the obligations he assumed, fell within that category of persons subject to the statute and that the statute is, in fact, a penal statute.
In addition, our own research (66 Am Jur 2d, Receivers, § 375, citing State v Norfolk & Southern Ry. Co., 152 NC 785) has led us to the conclusion that "Receivers are criminally responsible * * * individually for crimes committed by them in the administration of a receivership.” Neither are we prepared nor disposed to immunize an individual so situated from the consequences of his own actions. Nor does this court see how the predicament this defendant finds himself in would differ, if he, in fact, were the real owner.
The legislative authorities, in their wisdom, have determined that the coercion imposed by the penal provision has an efficacious and salutary result in violations of this sort and whether or not that proposition is wisely implemented in this case is within the sole discretion of the prosecutor.
Under our interpretation of the law, supra, faced, as we are, with no other alternative, we are constrained to deny the defendant’s application in its entirety and to find him guilty of the aforesaid crime charged.
The defendant is hereby directed to appear for sentence in Part SP2 on the 15th day of May, 1978.